UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JODY PITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-CV-106-SNLJ |
| ) | |
| GRINNELL SELECT INSURANCE ) | |
| CO., ) | |
| ) | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Plaintiff Jody Pitts is suing defendant Grinnell Select Insurance Company for insurance coverage under an underinsured motorist coverage policy ("the Policy") from the parties' insurance contract (Count I). Plaintiff also brings a claim for vexatious refusal for defendant's alleged refusal to pay plaintiff per the Policy (Count II). Defendants removed the case to federal court from Missouri state court under diversity jurisdiction. *See* [Doc. 1]; 28 U.S.C. §§ 1332, 1446. Defendant moves for summary judgment. [Doc. 21.] Plaintiff did not respond to the motion, and the time for doing so has passed. The motion is ripe for judgment.

**I.  Factual Background**

In reviewing this motion for summary judgment, the facts are construed in the light most favorable to plaintiff, the nonmovant. *PPS, Inc. v. Faulkner Cnty., Ark.*, 630 F.3d

1

1098, 1100 (8th Cir. 2011). Per Local Rule 4.01(e), "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Plaintiff has not controverted any facts from defendant's statement of material facts, [Doc. 20, 23], so plaintiff is deemed to admit all of defendant's facts.

Plaintiff was injured in a car accident with another car in Butler County, Missouri. The accident was caused by Thomas Armes. Armes and his vehicle were insured by Safeco Insurance Company of Illinois. Safeco, on behalf of Armes, agreed to pay plaintiff a policy limit offer of $100,000, which was the bodily injury liability limit of Arme's Safeco policy. Plaintiff accepted the $100,000 settlement and released all claims against Armes and Safeco. Plaintiff then sued defendant for underinsured motorist coverage ("UIM"), alleging that her settlement did not pay for the full scope of her injuries. At the time of her accident with Armes, plaintiff's Policy had a $100,000 underinsured motorists coverage limit.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party

2

bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248).

A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004). In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). Even so, when a plaintiff fails to respond to a motion for summary judgment—as plaintiff does here—courts should not treat a non-response as sufficient to dispose of the motion. *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). Instead, courts should "proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.* The Court must still review the facts in the light most favorable to the non-moving party. *Id.* But this Court will not wade through the record for some specific fact that might support the non-moving party's claim. *Barge v. Anheuser–Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996) (quoting *White v. McDonnell Douglas Corp.*, 904 F.2d 456, 458 (8th Cir.1990)).

3

This being a diversity case, Missouri substantive law on contract formation and interpretation applies. *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996).

**III.   Discussion**

This case is strikingly similar to another insurance case decided by this Court, involving the same defendant, the same insurance policy, and the same issues. *Pierce v. Grinnell Select Ins. Co.*, No. 1:20-CV-144-SNLJ, 2021 WL 2254998 (E.D. Mo. June 3, 2021). Here, the outcome is the same.

Missouri does not statutorily require that motorists possess UIM coverage, so the existence of UIM coverage is determined by the contract between the insurer and the insured. *Rodriguez v. Gen. Accident Ins. Co. of Am.*, 808 S.W.2d 379, 383 (Mo. banc 1991). Contract interpretation is a question of law, and the Court interprets the Policy according to general rules of contract interpretation. *Peters v. Emps. Mut. Cas. Co.*, 853 S.W.2d 300, 301–02 (Mo. banc 1993). Unambiguous policy language, definitions, exclusions, conditions, and endorsements are enforced as written. *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 160, 163 (Mo. 2007).

The Policy contains the following language:

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

    1.  Sustained by an "insured"; and

    2. Caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

4

> …
>
> C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type covered by a liability bond, governmental liability statute, or insurance policy, applicable to the occurrence, but the monetary limits of that bond, statutory coverage, or insurance policy are less than the Limits of Liability for Underinsured Motorists Coverage shown in the Declarations.

[Doc. 23-4 at 21] (The Policy). This Court previously found such language to be plain and unambiguous, and applied it as written. *Pierce*, 2021 WL 2254998, at *2.

The Policy's UIM coverage limit is $100,000 per person. The limit for bodily injury liability for tortfeasor Armes's Safeco policy was $100,000 per person. Armes's coverage limit is equal to, and not less than, plaintiff's coverage limit. Thus, the Policy does not define Armes as an underinsured motorist. This is a settled interpretation under Missouri law. *See Rodriguez*, 808 S.W.2d at 382 (Holding that plaintiff was not entitled to UIM coverage because the tortfeasor's insurance coverage was equal to the limit of liability under plaintiff's UIM policy). Because Armes was not an underinsured motorist, as defined by the Policy, the Policy did not require defendant to pay plaintiff. Therefore, plaintiff's breach of contract claim fails as a matter of law.

Because defendant had no duty to pay under the policy, plaintiff's claim for vexatious refusal to pay also fails. *Progressive Preferred Ins. Co. v. Reece*, 498 S.W.3d 498, 506 (Mo. App. W.D. 2016) (citing cases); *Pierce*, 2021 WL 2254998, at *3.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. 21] is GRANTED as to all claims and Judgment is entered against plaintiff in favor of defendant.  A separate order shall accompany this judgment.

Dated this 11th day of January, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE